UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CHARLES ROBINSON, III**              **CIVIL ACTION NO. 3:16-CV-00656**
     **DOC #444426**
**VS.**                                **SECTION P**

                                           **JUDGE ROBERT G. JAMES**

**MIKE TUBBS, ET AL**                  **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint (42 U.S.C. § 1983) filed in *forma pauperis* on May 11, 2016 by plaintiff, Charles Robinson, III. Plaintiff is currently incarcerated at the Morehouse Parish Jail. He names as defendants Mike Tubbs, James Leblanc, Sgt. Clacks and the Medical Staff at the Morehouse Parish Jail. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## STATEMENT OF THE CASE

Plaintiff contends that on November 6, 2015, at 11:00 p.m., he was sexually harassed by Sgt. Clacks when Sgt. Clacks stopped the van he was driving, opened plaintiff's door and "fondled [his] genitals and caressed [his] chest in a sexual manner." [Rec. Doc. 1-2, p. 1.] When plaintiff asked him, "what's up," he stopped, got back into the van, and continued driving. *Id.* Plaintiff submitted an Administrative Remedies Procedure (ARP) grievance, pursuant to which it was determined, after the completing the three step process, that there was no witness to confirm or deny the report and the prison officials were unable to determine if the incident, in fact, occurred. [Rec. Doc. 1-2.] Plaintiff asserts that the incident has caused him to be "psycologically (sic) distraught." [Rec. Doc. 1, p. 3,¶IV.]

Plaintiff names Mike Tubbs, Morehouse Parish Sheriff, James Leblanc, Secretary of the Louisiana Department of Safety and Corrections, Sgt. Clacks and the Medical Staff at the Morehouse Parish Jail as defendants. He prays for injunctive relief, to be transferred to another facility, and any monetary award for punitive damages the Court deems appropriate. [Id. at ¶V.]

## LAW AND ANALYSIS

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Eighth Amendment Claim*

A claim for relief under § 1983 must allege the deprivation of a right secured by the Constitution or the laws of the United States by a defendant acting under color of state law. *Wong*

*v. Stripling*, 881 F.2d 200, 202 (5th Cir.1989). The first step in a § 1983 analysis is to identify the specific constitutional right involved. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

Plaintiff has not explicitly alleged the violation of a particular constitutional right. However, to the extent that his complaint implicates rights guaranteed under the Eighth Amendment's prohibition against cruel and unusual punishment, he has failed to state a claim for which relief may be granted.

Plaintiff alleges that he was the victim of sexual harassment because the defendant "fondled [his] genitals and caressed [his] chest in a sexual manner." [Rec. Doc. 1-2, p. 1.]

To establish an Eighth Amendment claim, plaintiff must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999).

While making accusations of inappropriate touching, plaintiff has not alleged that he suffered any actual injury as a result of the alleged incident. 42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(*citing Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Plaintiff's allegations that Sgt. Clacks touched him inappropriately is not an allegation that the actions of the defendant resulted in any physical injury. Plaintiff's claim thus does not overcome § 1997e(e)'s prohibition. In the same vein, Plaintiff has failed to show deliberate indifference to his medical needs, as he does not identify any harm that has resulted from any denial

of medical or psychological treatment. See *Mora v. Robinson*, 2012 WL 7655325, *5 (S.D. Ms. 2012)(*relying on Mendoza v. Lynaugh*, 989 F.2d 191, 1915 (5th Cir. 1993)).

Therefore, plaintiff's complaint, to the extent that it arises under the Eighth Amendment, lacks an arguable basis in law and should be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 30th day of June, 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE