UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHARLES ROBINSON, III**<br>DOC #444426 | **CIVIL ACTION NO. 16-00656** |
| **VERSUS** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **MIKE TUBBS, ET AL.** | **MAGISTRATE JUDGE HAYES** |

<u>**RULING**</u>

Pending before the Court is a civil rights action brought by Plaintiff Charles Robinson, III ("Robinson") pursuant to 42 U.S.C. § 1983 against Defendants Mike Tubbs, James LeBlanc, Sergeant Clacks, and the medical staff of the Morehouse Parish Jail. On June 30, 2016, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 8] recommending that the Court dismiss Robinson's Complaint as frivolous and for failure to state a claim as a matter of law. Robinson failed to identify the constitutional right he relied upon, but Magistrate Judge Hayes assumed that he meant to assert a claim under the Eighth Amendment for the alleged sexual harassment he suffered, as well as an allegation that medical staff was deliberately indifferent to his medical needs. However, Magistrate Judge Hayes found that Robinson failed to allege that he suffered any actual injury as a result of the alleged incident, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), for the recovery of damages. Likewise, Robinson failed to show deliberate indifference to his medical needs because he did not identify any harm that resulted from any denial of medical or psychological treatment.

Having reviewed the entire record in this matter, including Robinson's objections, the Court agrees with and ADOPTS Magistrate Judge Hayes' Report and Recommendation. The Court issues this Ruling to clarify one issue and to address one additional issue raised in Robinson's objections.

First, in his Complaint, Robinson moves the Court for injunctive relief in the form of a transfer to another correctional facility. The absence of a physical injury precludes the recovery of compensatory damages for psychological injury under the PLRA, but such absence does not foreclose other forms of relief, including injunctive relief. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (finding that requests for declaratory and injunctive relief to end allegedly unconstitutional conditions of confinement survived the PLRA's physical injury requirement) (citation omitted). However, a prisoner is not entitled to injunctive relief in the form of a transfer. Prisoners have no constitutional right to incarceration in a particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 244-48, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *see also Colbert v. Spinner,* No. 1:04CV2481, 2005 WL 1630519, at *1 (W.D. La. June 8, 2005) (citing same). Thus, Robinson's request for a transfer must also be denied.

Second, in his objections, Robinson objects that sexual harassment continues to be an issue and, for the first time, moves the Court to investigate. The Court has no authority to grant the requested relief. Decisions whether to investigate, prosecute, or file criminal charges lie solely within the jurisdiction of the executive branch. *Cf. Linda R.S. v.Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979);*see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Robinson has failed to state a claim for relief on this basis either.

Therefore, for the reasons stated in Magistrate Judge Hayes' Report and Recommendation, which has been adopted by this Court, and for the additional reasons stated in this Ruling,

Robinson's Complaint will be DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim as a matter of law, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

**MONROE, LOUISIANA,** this 10th day of August, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE